People v Parks (2020 NY Slip Op 00892)





People v Parks


2020 NY Slip Op 00892


Decided on February 6, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 6, 2020

109896

[*1]The People of the State of New York, Respondent,
v
Jeffrey Parks, Appellant.

Calendar Date: January 9, 2020

Before: Garry, P.J., Mulvey, Aarons, Pritzker and Colangelo, JJ.


John Ferrara, Monticello, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered February 14, 2017 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the third degree (two counts).
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information (hereinafter SCI) charging him with two counts of criminal sexual act in the third degree. Pursuant to a negotiated plea agreement, defendant waived his right to appeal and pleaded guilty to the charged crime with the understanding that he would be sentenced to a prison term of four years upon his conviction under count 1 of the SCI and to a prison term of 3½ years upon his conviction under count 2 of the SCI (plus a period of postrelease supervision) — said sentences to run consecutively. Supreme Court thereafter imposed the promised sentences, and this appeal by defendant ensued.
Defendant argues that Supreme Court erred in imposing consecutive sentences.[FN1] We disagree. Insofar as is relevant here, "[c]oncurrent sentences must be imposed 'for two or more offenses committed through a single act or omission'" (People v Major, 143 AD3d 1155, 1159 [2016], lv denied 28 NY3d 1147 [2017], quoting Penal Law § 70.25 [2]; see People v Rodriguez, 25 NY3d 238, 244 [2015]), whereas "'consecutive sentences may be imposed when . . . the facts demonstrate that the defendant's acts underlying the crimes are separate and distinct'" (People v Major, 143 AD3d at 1159, quoting People v Ramirez, 89 NY2d 444, 451 [1996]; see People v McFarland, 106 AD3d 1129, 1132 [2013], lv denied 22 NY3d 1140 [2014]) — even "though [those acts] are part of a single [criminal] transaction" (People v Brown, 80 NY2d 361, 364 [1992]; see People v Ramirez, 89 NY2d at 451; People v Dunham, 172 AD3d 1462, 1466 [2019], lv denied 33 NY3d 1068 [2019]). The People bear the burden of proving that separate and distinct acts occurred (see People v Rodriguez, 25 NY3d at 244; People v Laureano, 87 NY2d 640, 644 [1996]), and where, as here, a "defendant has pleaded guilty to one or more counts alleged in the [SCI], [the People] may rely on the allegations of those counts as well as the facts adduced at the allocution" (People v Laureano, 87 NY2d at 644; see People v Thompson, 159 AD3d 1281, 1282-1283 [2018], lv denied 32 NY3d 1008 [2018]).
During the course of the plea colloquy, and in response to Supreme Court's inquiry, defendant readily admitted that the two counts of criminal sexual act in the third degree to which he pleaded guilty involved "separate and distinct contact" with the victim. Defendant's candid admission, in our view, satisfied the People's burden of proving that the subject convictions "arose from separate and distinct acts, notwithstanding that they occurred in the course of a continuous incident" (People v Dunham, 172 AD3d at 1466 [internal quotation marks and citations omitted]), thus warranting the imposition of consecutive sentences. Defendant's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: As noted by defendant, the waiver of indictment and the SCI contain a discrepancy regarding the date of the charged offenses and arguably are at variance regarding the time of their commission; however, defendant has abandoned any objection to the date discrepancy by failing to argue that issue in his appellate brief (see generally People v Kirkley, 172 AD3d 1541, 1542 n 1 [2019], lv denied 33 NY3d 1106 [2019]). Additionally, defendant has expressly waived any objection regarding the time that the subject offenses were committed and has affirmatively advised this Court that he does not wish to invalidate his guilty plea. Hence, we confine our inquiry to defendant's claim that Supreme Court improperly imposed consecutive sentences — an assertion that survives both defendant's unchallenged waiver of the right to appeal and his guilty plea (see People v Mangarillo, 152 AD3d 1061, 1061-1062 [2017]; People v Brennan 62 AD3d 1167, 1168 [2009], lv denied 13 NY3d 794 [2009]).