People v Light (2020 NY Slip Op 03148)





People v Light


2020 NY Slip Op 03148


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

110070

[*1]The People of the State of New York, Respondent,
v
Iliya J. Light, Appellant.

Calendar Date: May 21, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Craig Meyerson, Peru, for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (Kathryn M. Moryl of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered October 12, 2017, convicting defendant upon his plea of guilty of the crimes of criminal possession of stolen property in the fourth degree, driving while ability impaired by drugs, criminal impersonation in the second degree, reckless driving, reckless endangerment in the second degree (three counts) and criminal mischief in the third degree (two counts).
On March 23, 2017, shortly after 6:00 p.m., defendant, under the influence of heroin and operating a stolen vehicle, engaged police in a high-speed chase on State Route 74 in the Town of Schroon, Essex County, after which he was apprehended and arrested. Thereafter, pursuant to the terms of a plea agreement, defendant waived indictment and pleaded guilty to a superior court information (hereinafter SCI) charging him with criminal possession of stolen property in the fourth degree, driving while ability impaired by drugs, criminal impersonation in the second degree, reckless driving, three counts of reckless endangerment in the second degree and two counts of criminal mischief in the third degree, further waiving his right to appeal. He was thereafter sentenced to a prison term of 1&frac13; to 4 years for his conviction of criminal possession of stolen property in the fourth degree and a consecutive prison term of 1&frac13; to 4 years for his conviction of criminal mischief in the third degree (count 8), as well as other equal and lesser concurrent terms of incarceration. Defendant appeals.
Defendant initially contends that his waiver of indictment is invalid, and, thus, his SCI jurisdictionally defective, because, even when read together as a single document, neither of the two forms indicate the approximate time of the subject offenses as required by CPL 195.20. However, where, as here, the approximate time of the offenses is nonelemental and the defendant makes no argument that he or she lacked notice of the precise crimes for which he or she waived prosecution by indictment, the omission of such information is a nonjurisdictional defect, and, thus, any challenge with respect thereto is forfeited by a guilty plea (see People v Lang, 34 NY3d 545, 568-569 [2019]; People v Shindler, 179 AD3d 1306, 1307 [2020]; People v Elric YY., 179 AD3d 1304, 1305 [2020]). We also note that, here, the approximate time of the offenses is readily ascertainable from the local court accusatory instruments (see People v Lang, 34 NY3d at 569-570).
Defendant further contends that his waiver of indictment is invalid because the Essex County District Attorney did not sign defendant's written waiver of indictment. Although CPL 195.20 plainly requires that a district attorney's consent be endorsed on a defendant's written waiver of indictment, again, defendant's claim is only reviewable as of right if the alleged omission renders the SCI jurisdictionally defective (see generally People v Myers, 32 NY3d 18, 21 n 1 [2018]; People v Boston, 75 NY2d 585, 587 [1990]). Here, the record contains a copy of defendant's written waiver of indictment, which, although signed by defendant in open court in the presence of counsel, reveals a blank signature line intended for the District Attorney's endorsement. However, the record also reveals that an order approving that waiver was entered by County Court thereafter (see CPL 195.30), and, therein, the court expressly found, among other things, that the waiver was consented to by the District Attorney (see CPL 195.10 [1] [c]). Under these circumstances, we view the absence of the District Attorney's endorsement on the written waiver of indictment to be a technical violation of the statute that in no way infringed upon defendant's right to indictment by a grand jury (cf. People v Pigford, 148 AD3d 1299, 1302 [2017], lv denied 29 NY3d 1085 [2017]; see generally NY Const, art I, § 6; compare People v McGregor, 44 AD3d 1089, 1090 [2007]; People v Donnelly, 23 AD3d 921, 922 [2005]). Accordingly, by pleading guilty, defendant has similarly forfeited this challenge.
Defendant lastly contends that County Court illegally imposed consecutive sentences for his convictions of criminal possession of stolen property in the fourth degree and criminal mischief in the third degree (count 8), a claim that survives both his unchallenged waiver of the right to appeal and his guilty plea (see People v Parks, 180 AD3d 1109, 1110 n [2020]; People v Guzman-Moore, 144 AD3d 1267, 1268 [2016], lv denied 29 NY3d 949 [2017]; People v Velazquez, 125 AD3d 1063, 1064 [2015], lv denied 25 NY3d 993 [2015]), and does not require preservation (see People v Nieves, 2 NY3d 310, 315-316 [2004]; People v Jones, 41 AD3d 507, 508 [2007], lv denied 9 NY3d 877 [2007]). As relevant here, concurrent sentences must be imposed "for two or more offenses committed through a single act" (Penal Law § 70.25 [2]; see People v Rodriguez, 25 NY3d 238, 244 [2015]; People v Major, 143 AD3d 1155, 1159 [2016], lv denied 28 NY3d 1147 [2017]), whereas "trial courts retain consecutive sentence discretion when separate offenses are committed through separate acts, though they are part of a single transaction" (People v Brown, 80 NY2d 361, 364 [1992]; see Penal Law § 70.25 [1]; People v Ramirez, 89 NY2d 444, 450-451 [1996]; People v Dunham, 172 AD3d 1462, 1466 [2019], lv denied 33 NY3d 1068 [2019]). The People bear the burden of proving that separate and distinct acts occurred (see People v Rodriguez, 25 NY3d at 244; People v Laureano, 87 NY2d 640, 644 [1996]), and, where a defendant has pleaded guilty, the People may rely on the allegations in the accusatory instrument and any facts adduced at the plea allocution to meet that burden (see People v Laureano, 87 NY2d at 644; People v Thompson, 159 AD3d 1281, 1282-1283 [2018], lv denied 32 NY3d 1008 [2018]).
As echoed by defendant during his plea allocution, the SCI establishes that defendant's conviction of criminal possession of stolen property in the fourth degree stemmed from his possession of the subject stolen vehicle (see Penal Law § 165.45 [5]), whereas his conviction of criminal mischief in the third degree (count 8) was based upon him having intentionally caused certain damage to a State Police vehicle during the subject police pursuit, albeit while operating that stolen vehicle (see Penal Law § 145.05 [2]). Thus, while the foregoing crimes occurred in the course of one continuous criminal incident, the charges arose from separate, distinct acts (see Penal Law § 15.00 [1]; compare People v Borush, 39 AD3d 890, 890 [2007]). County Court's imposition of consecutive sentences with respect to those crimes was therefore not illegal.
Egan Jr., J.P., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.