People v Tittensor (2021 NY Slip Op 04930)





People v Tittensor


2021 NY Slip Op 04930


Decided on September 2, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 2, 2021

110683
[*1]The People of the State of New York, Respondent,
v
Dashau Tittensor, Also Known as DEBO, Appellant.

Calendar Date:August 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the Supreme Court (Coccoma, J.), rendered March 13, 2017 in Schenectady County, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree (two counts), assault in the second degree and resisting arrest.
Defendant pleaded guilty to an indictment charging him with two counts of criminal possession of a weapon in the second degree, assault in the second degree and resisting arrest with the understanding that the sentence imposed would not exceed 12 years in prison. Supreme Court thereafter sentenced defendant to concurrent prison terms of five years, followed by three years of postrelease supervision, on the convictions of criminal possession of a weapon in the second degree and a lesser term on the conviction of resisting arrest, to run consecutively to a two-year prison term, followed by three years of postrelease supervision, on the assault in the second degree conviction. Defendant appeals.
Defendant contends that he was denied due process because Supreme Court, in imposing sentence, relied upon "materially untrue assumptions or misinformation" contained in the presentence investigation report and the People's sentencing memorandum (People v Naranjo, 89 NY2d 1047, 1049 [2000] [internal quotation marks and citations omitted]). Inasmuch as defendant failed to object at sentencing to any alleged inaccurate or improper information, his contention is unpreserved for our review (see People v Stacchini, 108 AD3d 866, 867 [2013]; People v Rosado, 300 AD2d 838, 840-841 [2002], lv denied 99 NY2d 619 [2003]). We are unpersuaded by defendant's contention that the sentence imposed was unduly harsh and excessive. As the record reflects that the court considered appropriate mitigating and aggravating factors, including that a police officer was injured as a result of defendant's conduct while being placed under arrest, we find no abuse of discretion or any extraordinary circumstances warranting the reduction of the sentence in the interest of justice (see People v Smith, 193 AD3d 1260, 1269 [2021], lv denied 37 NY3d 968 [2021]; People v Rawlinson, 170 AD3d 1425, 1430 [2019], lv denied 33 NY3d 1107 [2019]).
Egan Jr., J.P., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.