People v Williams (2022 NY Slip Op 02454)

People v Williams

2022 NY Slip Op 02454

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

110533
[*1]The People of the State of New York, Respondent,
v
Ramel Williams, Appellant.

Calendar Date:March 18, 2022

Before:Lynch, J.P., Reynolds Fitzgerald, Colangelo, Ceresia and Fisher, JJ.

Edward S. Graves, Indian Lake, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor R. Fitzsimmons of counsel), for respondent.

Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered June 15, 2018, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant pleaded guilty to criminal sale of a controlled substance in the third degree and waived his right to appeal. In accord with the plea agreement, County Court sentenced defendant, as a second felony offender, to a prison term of eight years, to be followed by five years of postrelease supervision. Defendant appeals.
Appellate counsel seeks to be relieved of his assignment of representing defendant, contending that there are no nonfrivolous issues to be raised on appeal. Upon our review of the record and counsel's brief, we disagree. We find that there is at least one issue of arguable merit with respect to the validity of defendant's appeal waiver that may potentially impact other issues that may be raised, such as the severity of the sentence (see People v Thomas, 34 NY3d 545, 565-566 [2019]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Derverger, 201 AD3d 1260, 1260 [2022]; People v Dye, 197 AD3d 1436, 1436 [2021]). Accordingly, without passing judgment on the ultimate merit of this issue, we grant counsel's application for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633, 638-639 [2001]; see generally People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]).
Lynch, J.P., Reynolds Fitzgerald, Colangelo, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.