People v Williams (2022 NY Slip Op 05233)

People v Williams

2022 NY Slip Op 05233

Decided on September 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 22, 2022

110533B
[*1]The People of the State of New York, Respondent,
v
Ramel Williams, Appellant.

Calendar Date:September 2, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and McShan, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

Appeal from a judgment of the County Court of Washington County (Kelly S. McKeighan, J.), rendered June 15, 2018, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant pleaded guilty to criminal sale of a controlled substance in the third degree and waived his right to appeal. County Court sentenced defendant, as a second felony offender, to a prison term of eight years, to be followed by five years of postrelease supervision. Defendant appeals.[FN1]
Contrary to defendant's assertion, we find that defendant knowingly, intelligently and voluntarily waived his right to appeal. Defendant was advised that a waiver of the right to appeal was a term and condition of his plea agreement. Further, County Court adequately explained the separate and distinct nature of the waiver, which defendant acknowledged that he understood (see People v Stockwell, 203 AD3d 1407, 1408 [3d Dept 2022], lv denied 38 NY3d 1036 [2022]; People v Thaxton, 191 AD3d 1166, 1167 [3d Dept 2021], lv denied 37 NY3d 960 [2021]). Moreover, after conferring with counsel, defendant executed a comprehensive written waiver in open court that expressly informed him that certain appellate issues survive the waiver, and defendant confirmed that he reviewed the written waiver with counsel and understood its contents and ramifications (see People v Ruest, 206 AD3d 1174, 1174-1175 [3d Dept 2022]; People v Stockwell, 203 AD3d at 1408). In light of the foregoing, we are satisfied that defendant's appeal waiver is valid and, as a result, defendant's challenge to his sentence as harsh and excessive has been foreclosed (see People v Whitton, 201 AD3d 1259, 1260 [3d Dept 2022]; People v Carter, 200 AD3d 1312, 1313 [3d Dept 2021]).
Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: This Court previously granted defense counsel's application to withdraw and assigned new counsel to represent defendant on appeal (204 AD3d 1161 [2022]).