People v Gatchell (2022 NY Slip Op 05355)

People v Gatchell

2022 NY Slip Op 05355

Decided on September 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 29, 2022

112194
[*1]The People of the State of New York, Respondent,
v
James B. Gatchell, Appellant.

Calendar Date:September 8, 2022

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

David E. Woodin, Catskill, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Washington County (Kelly S. McKeighan, J.), rendered September 20, 2019, convicting defendant upon his plea of guilty of the crime of failure to properly register as a sex offender (two counts).
Defendant waived indictment and pleaded guilty to a two-count superior court information (hereinafter SCI) charging him in count one with failure to properly register as a sex offender, a class D felony, in violation of Correction Law §§ 168-f (4) and 168-t, and in count 2 with failure to properly register as a sex offender in violation of Correction Law §§ 168-f (2) (b-2) and 168-t, a class E felony. County Court sentenced defendant, in accordance with the terms of the plea agreement, to a prison term of 2&frac13; to 7 years upon his conviction of count 1 of the SCI and a consecutive prison term of 1&frac13; to 4 years upon his conviction of count 2 of the SCI. Defendant appeals.
We are unpersuaded by defendant's contention that the waiver of his right to appeal is invalid. County Court, albeit briefly, explained that the waiver of the right to appeal was separate and distinct from the rights automatically forfeited by the guilty plea and that by waiving his right to appeal defendant was giving up certain rights that would not be reviewed by a higher court, which defendant acknowledged that he understood. Defendant also, after conferring with counsel, executed a detailed written waiver, which explicitly set forth various rights that could not be waived, and assured the court that he understood and had no questions about the appeal waiver. We are satisfied that the record here reflects that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Ruest, 206 AD3d 1174, 1174-1175 [3d Dept 2022]; People v Stockwell, 203 AD3d 1407, 1408 [3d Dept 2022], lv denied 38 NY3d 1036 [2022]; People v Thaxton, 191 AD3d 1166, 1167 [3d Dept 2021], lv denied 37 NY3d 960 [2021]). As such, to the extent that defendant asserts that his sentence is unduly harsh or severe, his argument is precluded (see People v King, 206 AD3d 1170, 1170 [3d Dept 2022]; People v Ruest, 206 AD3d at 1175).
Defendant's contention that County Court illegally imposed consecutive sentences, however, is not foreclosed by his appeal waiver or his guilty plea (see People v Light, 184 AD3d 904, 906 [3d Dept 2020]; People v Parks, 180 AD3d 1109, 1110 n [3d Dept 2020]), and preservation is not required (see People v Nieves, 2 NY3d 310, 315-316 [2004]). We nevertheless find it to be without merit. Penal Law § 70.25 (2) provides that concurrent sentences must be imposed when "two or more offenses [are] committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other." Where, however, "either the elements of the crimes do not overlap or if the facts demonstrate that the defendant's acts underlying the crimes are separate and distinct," [*2]consecutive sentences may be imposed (People v Brahney, 29 NY3d 10, 15 [2017] [internal quotation marks and citation omitted]) — "even though those acts are part of a single criminal transaction" (People v Parks, 180 AD3d at 1110 [internal quotation marks, brackets and citation omitted]). It is the People's burden to establish that separate and distinct acts occurred and, in doing so, they can rely on the accusatory instrument and any facts adduced at the plea allocution (see People v Light, 184 AD3d at 906).
As to the particular crimes at issue, defendant pleaded guilty to two counts of failure to properly register as a sex offender stemming from two separate and distinct incidents which — although part of a continuing course of conduct — occurred in different, specified months. The first count alleged that, on or about August 29, 2018 and continuing thereafter, defendant failed to register his new home address with the Division of Criminal Justice Services within 10 calendar days as required by Correction Law § 168-f (4). The second count of the SCI charged defendant with failure to properly register as a sex offender in that, on or about November 13, 2018 and continuing thereafter, defendant, as a level 3 convicted sex offender, did not appear at the Division of Criminal Justice Services and provide a current photograph of himself annually as required by Correction Law § 168-f (2) (b-2). All told, the requirements at issue — the duty to register a new address within 10 days and the duty to personally appear annually for the purpose of providing a photograph — are provisions which are independent of each other and serve separate and distinct purposes in connection with defendant's duty to register as a sex offender. The imposition of consecutive sentences was, therefore, appropriate (see People v Parks, 180 AD3d at 1110-1111; People v Moon, 119 AD3d 1293, 1294-1295 [3d Dept 2014], lv denied 24 NY3d 1004 [2014]; People v Keebler, 15 AD3d 724, 727-728 [3d Dept 2005], lv denied 4 NY3d 854 [2005]).
Lynch, J.P., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.