People v Robinson (2023 NY Slip Op 00464)

People v Robinson

2023 NY Slip Op 00464

Decided on February 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 2, 2023

113246
[*1]The People of the State of New York, Respondent,
v
Eddie Robinson, Appellant.

Calendar Date:January 6, 2023

Before:Garry, P.J., Egan Jr., Aarons, Fisher and McShan, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor R. Fitzsimmons of counsel), for respondent.

Appeal from a judgment of the County Court of Washington County (Kelly S. McKeighan, J.), rendered May 4, 2018, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and criminal solicitation in the third degree.
In satisfaction of a seven-count indictment and other uncharged crimes, defendant pleaded guilty to burglary in the second degree and criminal solicitation in the third degree. The plea agreement also required defendant to waive his right to appeal. County Court thereafter sentenced defendant, in accordance with the plea agreement, to a prison term of 10 years, to be followed by 2½ years of postrelease supervision, on the burglary conviction and a concurrent prison term of 1 to 3 years on the criminal solicitation conviction. Defendant appeals.
Contrary to defendant's contention, his waiver of the right to appeal was knowing, intelligent and voluntary. Defendant was advised that a waiver of the right to appeal was a term and condition of the plea agreement, and County Court explained the separate and distinct nature of the waiver and defendant acknowledged that he understood (see People v Gatchell, 208 AD3d 1549, 1550 [3d Dept 2022]; People v Marshall, 206 AD3d 1377, 1378 [3d Dept 2022], lv denied 39 NY3d 941 [2022]). Moreover, defendant, after conferring with counsel, executed a written waiver that expressly informed him that certain appellate issues survive the waiver, and defendant affirmed that he had discussed the written waiver with counsel and understood its contents (see People v Williams, 208 AD3d 1499, 1500 [3d Dept 2022]; People v Ruest, 206 AD3d 1174, 1174-1175 [3d Dept 2022]). Under these circumstances, we conclude that defendant's appeal waiver is valid (see People v Gatchell, 208 AD3d at 1550; People v Williams, 208 AD3d at 1500; People v Ruest, 206 AD3d at 1175). In light of the valid appeal waiver, defendant's challenge to his sentence as harsh and severe is foreclosed (see People v Cook, 208 AD3d 1508, 1509 [3d Dept 2022]; People v Grimshaw, 207 AD3d 959, 960 [3d Dept 2022]).
Garry, P.J., Egan Jr., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.