People v Vakhoula (2023 NY Slip Op 02034)

People v Vakhoula

2023 NY Slip Op 02034

Decided on April 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 20, 2023

112259
[*1]The People of the State of New York, Respondent,
v
Andre Vakhoula, Appellant.

Calendar Date:March 31, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Aaron A. Louridas, Delmar, for appellant.
Brian P. Conaty, Acting District Attorney, Monticello (Danielle K. Blackaby of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Sullivan County (Michael F. McGuire, J.), rendered November 15, 2019, convicting defendant upon his plea of guilty of the crime of burglary in the second degree as a sexually motivated felony.
Defendant was charged in a four-count indictment with burglary in the second degree as a sexually motivated felony, two counts of assault in the second degree and resisting arrest. The charges stemmed from a September 2018 incident during which defendant entered a woman's apartment intending to have sexual relations with her; the victim tried to flee, and defendant was discovered naked and attempting to drag the woman back into her apartment. Pursuant to a negotiated disposition that was in full satisfaction of the indictment, defendant pleaded guilty to burglary in the second degree as a sexually motivated felony and purported to waive his right to appeal both orally and in writing. Consistent with the terms of the plea agreement, County Court sentenced defendant to a prison term of eight years, to be followed by 10 years of postrelease supervision, and required him to consent to deportation and, upon his release from prison, to register as a sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]). Defendant appeals.
Initially, defendant argues, and the People concede, that his combined oral and written waiver of appeal was overbroad and consequently invalid (see People v Thomas, 34 NY3d 545, 557-559 [2019]; People v Velazquez, 194 AD3d 1181, 1182 [3d Dept 2021], lv denied 37 NY3d 995 [2021]; People v Deming, 190 AD3d 1193, 1194 [3d Dept 2021]). Given defendant's invalid appeal waiver, his challenge to the severity of his sentence is not precluded (see People v Blauvelt, 211 AD3d 1175, 1175 [3d Dept 2022]; People v Moore, 203 AD3d 1401, 1401 [3d Dept 2022], lv denied 38 NY3d 1034 [2022]). We are unpersuaded, however, that the sentence imposed, which was within the agreed-upon range and well below the statutory maximum (see Penal Law §§ 70.45 [2-a] [b]; 70.80 [4] [a] [ii]; 130.92 [3]; 140.25), is "unduly harsh or severe" given the serious nature of the offense for which defendant was convicted and defendant's failure to accept complete responsibility for his actions (CPL 470.15 [6] [b]; see People v Casatelli, 204 AD3d 1092, 1093, 1099 [3d Dept 2022], lv denied 38 NY3d 1132 [2022]; People v Davis, 149 AD3d 1246, 1248 [3d Dept 2017], lv denied 29 NY3d 1125 [2017]; People v Bjork, 105 AD3d 1258, 1264 [3d Dept 2013]).
Defendant contends that his guilty plea was not knowing, voluntarily and intelligent. This claim, however, is unpreserved for our review as the record does not reveal that defendant made an appropriate postallocution motion to withdraw his guilty plea despite having an opportunity to do so prior to sentencing (see CPL 220.60 [3]; People v Williams, 27 NY3d 212, 219-220 [2016]; People v Steinard, 210 AD3d 1202, 1202-1203 [3d Dept 2022]). Defendant's [*2]contention that he received the ineffective assistance of counsel, to the extent that it impacts upon the voluntariness of his plea, is similarly unpreserved (see People v West, 210 AD3d 1194, 1195 [3d Dept 2022], lv denied 39 NY3d 1080 [2023]; People v Nack, 200 AD3d 1197, 1198 [3d Dept 2021], lv denied 38 NY3d 1009 [2022]). The balance of defendant's ineffective assistance of counsel claim involves matters outside of the record that are more appropriately addressed in a CPL article 440 motion (see People v West, 210 AD3d at 1195; People v Dye, 210 AD3d 1192, 1194 [3d Dept 2022], lv denied 39 NY3d 1072 [2023]).
Finally, we agree with defendant, as well as the People's concession, that burglary in the second degree as a sexually motivated felony is not a registerable offense under SORA because it is not expressly identified as a "[s]ex offense" pursuant to Correction Law § 168-a (2) (a) (see Penal Law §§ 130.91, 140.25; People v Winter, ___ AD3d ___, ___, 2023 NY Slip Op 01820, *1 [3d Dept 2023]; People v Conyers, 212 AD3d 417, 418 [1st Dept 2023], lv denied ___ NY3d ___ [Mar. 15, 2023]; People v Simmons, 203 AD3d 106, 110-113 [1st Dept 2022], lv denied 38 NY3d 1035 [2022]; People v Buyund, 179 AD3d 161, 163-170 [2d Dept 2019], revd on other grounds 37 NY3d 532 [2021], on remand 205 AD3d 729 [2d Dept 2022]). We therefore modify the judgment as indicated.
Egan Jr., J.P., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the provisions thereof certifying defendant as a sex offender pursuant to the Sex Offender Registration Act and requiring him to register as a sex offender and pay the related sex offender registration fee; and, as so modified, affirmed.