People v Bermudez (2023 NY Slip Op 03504)

People v Bermudez

2023 NY Slip Op 03504

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

110858
[*1]The People of the State of New York, Respondent,
v
Jason Bermudez, Appellant.

Calendar Date:June 1, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Fisher and McShan, JJ.

Cliff Gordon, Monticello, for appellant.
Brian P. Conaty, Acting District Attorney, Monticello (Danielle K. Blackaby of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Sullivan County (Michael F. McGuire, J.), rendered October 12, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Following a traffic stop and high-speed pursuit in August 2017, defendant was charged in a multicount indictment with, among other offenses, criminal possession of a controlled substance in the third degree, unlawfully fleeing from a police officer in a motor vehicle in the third degree and reckless driving. After defendant's motion to suppress certain oral statements to law enforcement was denied, defendant agreed to plead guilty — in full satisfaction of the indictment — to one count of criminal possession of a controlled substance in the third degree with the understanding that he would be sentenced as a second felony offender to a prison term ranging from 6 to 9½ years followed by three years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and the matter was adjourned for sentencing.
When the parties returned for sentencing, defense counsel apprised County Court that defendant had a CPL article 440 motion pending in Queens County with respect to the predicate felony upon which the People were relying, and counsel asked that sentencing in this matter be adjourned pending resolution of that motion. In response, the People moved to amend their second felony offender statement in order to rely upon another prior conviction and suggested that the court schedule a hearing. Defendant expressly declined the opportunity to challenge the predicate felony at a hearing and, despite County Court's willingness to adjourn sentencing, defendant elected to proceed. County Court thereafter sentenced defendant to a prison term of nine years followed by three years of postrelease supervision, and this appeal ensued.
We affirm. The People concede — and our review of the record confirms — that defendant's waiver of the right to appeal is invalid. The written waiver executed by defendant contained overbroad and inaccurate language, and County Court's oral colloquy was insufficient to either cure the deficiencies in the written waiver or otherwise convey to defendant that some appellate review survived (see People v Vakhoula, 215 AD3d 1134, 1135 [3d Dept 2023]; People v Quick, 207 AD3d 954, 955 [3d Dept 2022]).
As for defendant's claim that County Court erred in failing to suppress both his statements to law enforcement and certain physical evidence as fruit of the poisonous tree, we note that defendant did not challenge the legality of his detention and/or subsequent arrest in his omnibus motion (see People v Paul, 202 AD3d 1203, 1208 [3d Dept 2022], lv denied 38 NY3d 1034 [2022]; People v Hansson, 162 AD3d 1234, 1236 [3d Dept 2018], lv denied 32 NY3d 1004 [2018]; People v Tetreault, 152 AD3d 1081, 1082-[*2]1083 [3d Dept 2018], lv denied 30 NY3d 984 [2017]; cf. People v Hayward, 213 AD3d 989, 993 [3d Dept 2023]), and his conclusory assertion that the physical evidence was obtained "in violation of [his] constitutional rights" was insufficient to constitute a request for a Mapp/Dunaway hearing. Accordingly, defendant's argument on this point is unpreserved for our review (see People v Paul, 202 AD3d at 1208; People v Hansson, 162 AD3d at 1236; People v Tetreault, 152 AD3d at 1082-1083; People v Collier, 146 AD3d 1146, 1147 [3d Dept 2017], lv denied 30 NY3d 948 [2017]). Similarly, although defendant asserts that counsel's failure to contest the legality of the initial traffic stop and defendant's subsequent arrest and/or seek suppression of the physical evidence seized constitutes the ineffective assistance of counsel, any perceived deficiencies in counsel's motion practice or discovery efforts were forfeited by defendant's unchallenged guilty plea (see People v Jones, 210 AD3d 150, 152 [3d Dept 2022]; People v Darby, 206 AD3d 1165, 1169 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]; People v Rhodes, 203 AD3d 1316, 1318 [3d Dept 2022]) and, in any event, are unpreserved for our review in the absence of an appropriate postallocution motion (see People v Woods, 199 AD3d 1169, 1169 [3d Dept 2021], lv denied 37 NY3d 1166 [2022]; People v Dickerson, 198 AD3d 1190, 1194 [3d Dept 2021]). Contrary to defendant's assertion, the narrow exception to the preservation requirement is inapplicable.
To the extent that defendant separately contends that County Court erred in denying his motion to suppress his statements to law enforcement as involuntary, we are satisfied — upon reviewing the record before us — that the People established the voluntariness of defendant's statements. "On a motion to suppress, the People bear the burden of proving beyond a reasonable doubt that the defendant's statement to police was voluntarily given, including that any custodial interrogation was preceded by the administration and the defendant's knowing waiver of his or her Miranda rights" (People v Dawson, 195 AD3d 1157, 1158 [3d Dept 2021] [internal quotation marks and citations omitted], affd 38 NY3d 1055 [2022]; see People v Logan, 198 AD3d 1181, 1184 [3d Dept 2021], lv denied 37 NY3d 1162 [2022]). "Once the People have met their burden, the burden of persuasion shifts to the defendant to adduce evidence supporting his or her contention that he or she did not comprehend his or her rights" (People v High, 200 AD3d 1209, 1210 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 1161 [2022]; accord People v Dawson, 195 AD3d at 1158). The factual determinations made by the suppression court are entitled to substantial deference "and will not be overturned unless clearly contrary to the evidence" (People v Youngs, 175 AD3d 1604, 1606 [3d Dept 2019] [internal quotation marks and citations omitted]; see People v Logan, 198 AD3d at 1184). Notably, a "defendant's [*3]unambiguous acknowledgment that he [or she] understood [such] rights and subsequent participation in answering . . . questions constitute[s] an implicit waiver of his [or her] Miranda rights" (People v Green, 141 AD3d 1036, 1038 [3d Dept 2016], lv denied 28 NY3d 1072 [2016]; see People v Paul, 202 AD3d at 1208; People v Durfey, 170 AD3d 1331, 1334 [3d Dept 2019], lv denied 34 NY3d 980 [2019]).
Defendant does not dispute that he was twice advised of his Miranda warnings, nor does he contend that he affirmatively declined to speak with law enforcement officials or invoked his right to counsel. Rather, defendant asserts in a conclusory and otherwise unsubstantiated fashion that he did not fully comprehend his rights. As we are satisified that the People met their initial burden of establishing the voluntariness of defendant's statements beyond a reasonable doubt, and absent any colorable challenge by defendant to the contrary, we find that defendant's motion to suppress his statements was properly denied.
Finally, any assertion that County Court failed to comply with the procedures set forth in CPL 400.21 when sentencing defendant as a second felony offender is unpreserved for our review. Not only did defendant fail to voice any objection in this regard at the time of sentencing (see People v Chrise, 197 AD3d 1357, 1359 [3d Dept 2021], lv denied 37 NY3d 1059 [2021]; People v Iorio, 188 AD3d 1352, 1354 [3d Dept 2020], lv denied 36 NY3d 1051 [2021]; People v Howell, 178 AD3d 1148, 1149 [3d Dept 2019], lv denied 34 NY3d 1129 [2020]), he affirmatively declined County Court's offer of an adjournment and a subsequent hearing to challenge the convictions upon which the People relied, and his present claim of coercion finds no support in the record. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Aarons and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.