People v Yaw (2023 NY Slip Op 05760)

People v Yaw

2023 NY Slip Op 05760

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

113233
[*1]The People of the State of New York, Respondent,
v
Christopher L. Yaw, Appellant.

Calendar Date:October 17, 2023

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ.

John R. Trice, Elmira, for appellant.
Joseph G. Fazzary, District Attorney, Watkins Glen (John C. Tunney of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Schuyler County (Matthew C. Hayden, J.), rendered July 29, 2021, convicting defendant upon his plea of guilty of the crime of unlawful manufacture of methamphetamine in the third degree.
Defendant was indicted and charged in Schuyler County with one count of unlawful manufacture of methamphetamine in the third degree. Defense counsel filed an omnibus motion that, as relevant here, sought to suppress all of the physical evidence seized as a result of defendant's arrest. The People opposed the requested relief contending, among other things, that the items seized were either in plain view or had been procured pursuant to a valid search warrant. County Court denied that aspect of defendant's motion upon the ground that such motion was not accompanied by sworn allegations of fact. County Court advised defense counsel that she could seek leave to resubmit/supplement the suppression motion, but no further submissions were forthcoming.
Defendant, who apparently was facing similar charges in Chemung County, thereafter agreed — as part of a global disposition — to plead guilty to the Schuyler County indictment with the understanding that he would be sentenced to a prison term of 1½ years followed by two years of postrelease supervision, which would run concurrently with the sentence imposed in Chemung County. Defendant pleaded guilty in conformity with the plea agreement, County Court imposed the agreed-upon sentence and defendant appealed. Upon being advised by the Department of Corrections and Community Supervision that defendant may qualify as a predicate felony offender, County Court resentenced defendant as a second felony offender to the previously-imposed term of imprisonment and period of postrelease supervision.
We affirm. As defendant acknowledges, he did not appeal from the resentencing and, hence, the instant appeal is limited to issues pertaining to the original judgment of conviction (see generally CPL 450.30 [3]; compare People v Nelson, 195 AD3d 1442, 1443 [4th Dept 2021]; People v Henriquez, 112 AD3d 1060, 1060 [3d Dept 2013], lv denied 23 NY3d 1021 [2014]). In this regard, defendant argues that he was denied the effective assistance of counsel — an argument premised upon counsel's filing of a deficient motion to suppress and subsequent failure to resubmit or supplement that motion. "[A]ny perceived deficiencies in counsel's motion practice or discovery efforts were forfeited by defendant's unchallenged guilty plea" (People v Bermudez, 217 AD3d 1261, 1263 [3d Dept 2023], lv denied 40 NY3d 996 [2023]). Further, to the extent that this claim may be viewed as an implicit challenge to the voluntariness of defendant's plea, it is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Finn, 215 AD3d 1179, 1181 [3d Dept 2023], lv denied 40 NY3d 928 [2023]; People v Woods, 199 AD3d 1169, 1169 [3d Dept 2021], lv denied 37 NY3d 1166 [2022]; People v Dickerson, [*2]198 AD3d 1190, 1194 [3d Dept 2021]).
Garry, P.J., Lynch, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the judgment is affirmed.