People v Wheeler (2023 NY Slip Op 06168)

People v Wheeler

2023 NY Slip Op 06168

Decided on November 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 30, 2023

112670 112690
[*1]The People of the State of New York, Respondent,
v
Alfred Wheeler, Appellant.

Calendar Date:November 9, 2023

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and Powers, JJ.

Dana L. Salazar, East Greenbush, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Peter J. Clines of counsel), for respondent.

Appeals (1) from a judgment of the County Court of Broome County (Joseph F. Cawley, J.), rendered September 28, 2020, convicting defendant upon his plea of guilty of the crime of burglary in the third degree, and (2) from a judgment of said court, rendered September 28, 2020, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
On August 26, 2020, defendant entered into a plea agreement whereby he pleaded guilty to a superior court information charging him with burglary in the third degree, stemming from him unlawfully entering a building with the intent to commit a crime on July 3, 2019, and he waived the right to appeal. Pursuant to the agreement, defendant also pleaded guilty that day to an indictment charging him with burglary in the third degree, stemming from him unlawfully entering a building with the intent to commit a crime on January 6, 2020, and he waived the right to appeal. Thereafter, consistent with the terms of the plea agreement, County Court sentenced defendant, as a second felony offender, to prison sentences of 3½ to 7 years for each conviction, with the sentences ordered to run consecutively. Defendant appeals.
We affirm. The record reflects that County Court advised defendant that waivers of the right to appeal were part of the plea agreement and that the right to appeal was separate and distinct from the trial related rights forfeited by a guilty plea, and defendant affirmed his understanding thereof (see People v Williams, 208 AD3d 1499, 1500 [3d Dept 2022]; People v Marshall, 206 AD3d 1377, 1378 [3d Dept 2022], lv denied 39 NY3d 941 [2022]). Further, the written appeal waivers executed by defendant reiterated the separate and distinct nature of the right to appeal and delineated the rights that survive an appeal waiver, and defendant acknowledged that he had reviewed the written waivers with counsel and confirmed his understanding thereof (see People v Marshall, 206 AD3d at 1378; People v Crampton, 201 AD3d 1020, 1021 [3d Dept 2022], lv denied 37 NY3d 1160 [2022]). In light of the foregoing, we find that defendant's waivers of the right to appeal were knowing, intelligent and voluntary (see People v Ruest, 206 AD3d 1174, 1175 [3d Dept 2022]; People v Stockwell, 203 AD3d 1407, 1408 [3d Dept 2022], lv denied 38 NY3d 1036 [2022]). As such, defendant's assertion that the sentence is unduly harsh or severe is foreclosed (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Dobbs, 217 AD3d 1276, 1277 [3d Dept 2023]). Finally, to the extent that defendant contends that his pleas were not knowingly, voluntarily and intelligently entered, such an assertion survives his waivers of the right to appeal but was not preserved for our review by an appropriate postallocution motion to withdraw his guilty pleas, despite ample opportunity to do so, and the narrow exception to the preservation rule has not been triggered (see People v James, 215 AD3d 1176, 1177 [3d Dept 2023], lv denied 40 NY3d 935 [*2][2023]; People v Steinard, 210 AD3d 1202, 1202-1203 [3d Dept 2022]).
Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the judgments are affirmed.