People v Collins (2024 NY Slip Op 02228)

People v Collins

2024 NY Slip Op 02228

Decided on April 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 25, 2024

112475
[*1]The People of the State of New York, Respondent,
v
Patrick B. Collins, Appellant.

Calendar Date:March 27, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and Fisher, JJ.

Cliff Gordon, Monticello, for appellant, and appellant pro se.
Brian P. Conaty, District Attorney, Monticello (Danielle K. Blackaby of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Sullivan County (Michael F. McGuire, J.), rendered September 6, 2019, convicting defendant upon his plea of guilty of the crimes of aggravated vehicular homicide and aggravated driving while intoxicated.
Following a motor vehicle accident on the evening of October 16, 2018 that occurred when defendant, while intoxicated,[FN1] drove in the wrong direction on a state highway striking an oncoming vehicle, killing one person and severely injuring another, defendant pleaded guilty, in full satisfaction of a 10-count indictment, to aggravated vehicular homicide and aggravated driving while intoxicated. The plea agreement, which required a waiver of the right to appeal, contemplated a prison sentence of 6 to 18 years for aggravated vehicular homicide, and a concurrent one-year jail term for the other charge. Thereafter, County Court sentenced defendant to the agreed-upon prison term and ordered the payment of fines totaling $3,500. Defendant appeals.
We affirm. Initially, the People concede and our review of the record confirms that defendant's written waiver of appeal was overly broad in purporting to erect an absolute barrier to appellate and collateral review in state and federal courts, among other deficiencies, and the oral colloquy was insufficient to cure the deficiencies so as to accurately convey to defendant that some appellate review and other postjudgment relief survive the waiver (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 557-559, 565-566 [2019]; People v Bermudez, 217 AD3d 1261, 1262-1263 [3d Dept 2023], lv denied 40 NY3d 996 [2023]; People v Vakhoula, 215 AD3d 1134, 1135 [3d Dept 2023], lv denied 40 NY3d 931 [2023]; People v Quick, 207 AD3d 954, 955 [3d Dept 2022]). As such, the waiver of appeal is invalid.
In view of the invalid appeal waiver, defendant's challenge to the severity of the sentence is not precluded (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Vakhoula, 215 AD3d at 1135). Defendant argues that the sentence imposed was harsh and excessive, citing, among other mitigating factors, his history of stable employment and caring for his family, his limited criminal history,[FN2] his expressions of remorse and his ongoing grief and mental health problems stemming from the untimely death of his daughter in a motor vehicle accident in 2017. The circumstances of the matter at hand are undeniably life-altering and tragic for both families impacted by it, resulting in the death of a young father of four children and serious injuries to his fiancÉe, the mother of the children, due to defendant's reckless actions, which also resulted in lasting injuries to him. Under the advantageous plea agreement, which satisfied all charges, defendant avoided a potential prison sentence of 8&frac13; to 25 years for the aggravated vehicular homicide charge (see Penal Law § 70.00 [2] [b]; [3] [b]). After considering all of the mitigating and aggravating circumstances and defendant's [*2]arguments put forth in the preplea and sentencing memoranda and on appeal, including his pro se submission, we are not persuaded that the negotiated sentence imposed is unduly harsh or severe and, therefore, decline to take corrective action to modify it in the interest of justice (see CPL 470.15 [6] [b]).
To the extent that defendant challenges County Court's order dated March 24, 2020 denying his postjudgment motion pursuant to CPL 420.10 (5) for resentencing, i.e., remission of the fines imposed, defendant did not file a notice of appeal from that order and, therefore, it is not properly before us (see People v Sanchez, 164 AD3d 1545, 1546 n 2 [3d Dept 2018], lv denied 32 NY3d 1115 [2018]). Moreover, even if a notice of appeal had been filed, the order is not appealable (see People v Vasquez, 74 AD3d 462, 463 [1st Dept 2010]).
Egan Jr., J.P., Aarons, Lynch and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Testing at the hospital approximately two hours after the accident disclosed that defendant's blood alcohol content was .19%.

Footnote 2: Defendant's only other criminal conviction, which was drug related, was almost 30 years ago.