People v Taylor (2024 NY Slip Op 03361)

People v Taylor

2024 NY Slip Op 03361

Decided on June 20, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 20, 2024

CR-23-0685
[*1]The People of the State of New York, Respondent,
v
Lasmire Taylor, Appellant.

Calendar Date:May 30, 2024

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ.

Danielle Neroni Reilly, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Albany County (Andra Ackerman, J.), rendered May 10, 2022, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.
Defendant was charged in a two-count indictment with attempted murder in the second degree and criminal possession of a weapon in the third degree. Defendant moved to suppress certain tangible evidence, which motion was denied following a hearing. Thereafter, in satisfaction of the indictment and other pending charges, defendant pleaded guilty to criminal possession of a weapon in the third degree and agreed to waive his right to appeal. In accordance with the terms of the plea agreement, County Court sentenced defendant, as a second felony offender, to a prison term of eight years, followed by five years of postrelease supervision. Defendant appeals.
Initially, we are unpersuaded by defendant's contention that his waiver of the right to appeal is invalid. The record reflects that County Court explained that the waiver of the right to appeal was a condition of the plea agreement and was separate and distinct from the rights waived by the guilty plea, which defendant assured the court he understood. The court specifically advised defendant that the appeal waiver encompassed most appellate claims, including any challenge to the suppression of evidence, but that some rights survived, explicitly enumerating various nonwaivable issues — all which defendant affirmed that he had discussed with counsel and understood. In addition, the written appeal waiver, executed by defendant in open court after conferring with counsel, reiterated the separate and distinct nature of the waiver of the right to appeal, set forth various rights being waived — including any suppression issues — and specifically indicated various appellate rights that nevertheless survived the appeal waiver. Again, defendant assured the court that he understood and agreed to be bound by the appeal waiver. In view of the foregoing, the record reflects that defendant's waiver of his right to appeal was knowing, voluntary and intelligent (see People v Wheeler, 221 AD3d 1349, 1350 [3d Dept 2023]; People v Gatchell, 208 AD3d 1549, 1550 [3d Dept 2022]). Defendant's valid appeal waiver therefore precludes his challenges to the denial of his suppression motion (see People v Holz, 35 NY3d 55, 62-63 [2020]; People v Sanders, 25 NY3d 337, 348 [2015]) and the harshness of the sentence imposed (see People v Wheeler, 221 AD3d at 1350; People v Gatchell, 208 AD3d at 1550).
Defendant also challenges the factual sufficiency and voluntariness of the plea. Although not precluded by the valid appeal waiver, these issues are unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion despite an opportunity to do so, and application of the narrow exception to the preservation rule is inapplicable here (see People v Vazquez, 222 AD3d 1104, 1105[*2][3d Dept 2023], lv denied 41 NY3d 944 [2024]; People v Wheeler, 221 AD3d at 1350; People v Booth, 221 AD3d 1283, 1284 [3d Dept 2023]). Defendant also contends that he did not receive the effective assistance of counsel — an argument premised on defense counsel's alleged failure to more zealously pursue arguments in connection with his motion to suppress evidence — impacting the voluntariness of his plea. This issue is similarly not preserved absent an appropriate postallocution motion (see People v Weber, 226 AD3d 1158, 1162 [3d Dept 2024]; People v Yaw, 221 AD3d 1188, 1189-1190 [3d Dept 2023]; People v Bermudez, 217 AD3d 1261, 1263 [3d Dept 2023], lv denied 40 NY3d 996 [2023]). Finally, any alleged due process violation stemming from County Court encouraging defendant to read a suggested book is also unpreserved for our review as defendant made no objection, and raises such challenge for the first time on appeal (see People v Jenne, 224 AD3d 953, 958 [3d Dept 2024]; People v Coler, 214 AD3d 1207, 1207 [3d Dept 2023], lv denied 40 NY3d 1091 [2024]; People v Thompson, 205 AD3d 1232, 1233 [3d Dept 2022]; People v Tittensor, 197 AD3d 1356, 1357 [3d Dept 2021], lv denied 37 NY3d 1099 [2021]).
Clark, J.P., Aarons, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the judgment is affirmed.