People v Grant (2025 NY Slip Op 04202)

People v Grant

2025 NY Slip Op 04202

Decided on July 17, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 17, 2025

CR-23-1370
[*1]The People of the State of New York, Respondent,
v
Amier Grant, Appellant.

Calendar Date:June 20, 2025

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Lee C. Kindlon, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Appeal from a judgment of the County Court of Albany County (William Little, J.), rendered August 10, 2022, convicting defendant upon his plea of guilty of the crime of assault in the second degree (two counts).
On June 30, 2020, defendant attacked his victim with a metal baton before slashing him with a knife, and the victim ultimately died from his injuries while in the hospital. Thereafter, defendant was charged in an indictment with manslaughter in the first degree, two counts of assault in the second degree and two counts of criminal possession of a weapon in the third degree. In full satisfaction of the aforementioned charges, defendant pleaded guilty to two counts of assault in the second degree and agreed to waive his right to appeal both orally and in writing. In accordance with the terms of the plea agreement, defendant was sentenced, as a second felony offender, to two consecutive six-year prison terms, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant argues that County Court was required to run his sentences on counts two and three concurrently. As an initial matter, defendant's contention that County Court illegally imposed consecutive sentences is not foreclosed by his unchallenged appeal waiver or guilty plea (see People v Gatchell, 208 AD3d 1549, 1550 [3d Dept 2022]; People v Light, 184 AD3d 904, 906 [3d Dept 2020]), and preservation is not required (see People v Nieves, 2 NY3d 310, 315-316 [2004]). "Penal Law § 70.25 (2) . . . mandate[s] that concurrent sentences be imposed '(1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other' " (People v Hinchey, 236 AD3d 1101, 1103 [3d Dept 2025], quoting People v Laureano, 87 NY2d 640, 643 [1996]). "However, consecutive sentences may be imposed when the acts involved, though part of a continuous course of conduct, can be separated into separate and distinct events" (People v Moon, 119 AD3d 1293, 1294-1295 [3d Dept 2014] [internal quotation marks and citations omitted], lv denied 24 NY3d 1004 [2014]; see People v Brahney, 29 NY3d 10, 14-15 [2017]; People v Rodriguez, 25 NY3d 238, 244 [2015]; People v Banks, 181 AD3d 973, 977 [3d Dept 2020], lv denied 35 NY3d 1025 [2020]).
Defendant here allocuted to separate and distinct acts of hitting the victim with a metal baton and thereafter cutting the victim with a knife — acts that were temporally distinct and which resulted in different injuries to the victim — and pleaded guilty with the understanding that the sentences for each assault would be imposed consecutively (see People v Moon, 119 AD3d at 1295). County Court did not err under these circumstances in concluding that the crimes to which defendant pleaded guilty involved separate and distinct acts and, thus, in imposing consecutive sentences (see People v McKnight, 16 NY3d 43, 49 [2010]; People v Harris, 235 AD2d 941, 941 [3d Dept 1997]; People v Fortuna, 188 AD2d 683[*2], 684 [3d Dept 1992], lv denied 81 NY2d 839 [1993]; People v Bink, 93 AD2d 920, 921 [3d Dept 1983]; see also People v Brathwaite, 63 NY2d 839, 842-843 [1984]).
Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.