People v Ramirez

2026 NY Slip Op 02169

April 9, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Sergio Vasquez Ramirez, Appellant.

Decided and Entered:April 9, 2026

CR-22-2255

Calendar Date: March 20, 2026

Before: Aarons, J.P., Reynolds Fitzgerald, Fisher, Powers And Mackey, JJ.

Alexander W. Bloomstein, Hillsdale, for appellant.

J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

[*1]

Appeal from a judgment of the County Court of Washington County (Kelly McKeighan, J.), rendered August 18, 2022, convicting defendant upon his plea of guilty of the crime of assault in the first degree.

In satisfaction of a four-count indictment — with the highest count therein being murder in the second degree — defendant pleaded guilty to assault in the first degree and agreed to waive his right to appeal. In accordance with the terms of the plea agreement, County Court sentenced defendant to a prison term of six years, to be followed by five years of postrelease supervision. Defendant appeals.

We are unpersuaded by defendant's contention that he did not validly waive his right to appeal. The record reflects that County Court advised defendant that the waiver of appeal was separate and distinct from other rights automatically forfeited by his guilty plea and that by waiving his right to appeal he was giving up certain rights, but not all rights, that would be reviewed by an appellate court, which defendant assured the court he understood (see People v Carota, 235 AD3d 1069, 1070 [3d Dept 2025], lv denied 43 NY3d 962 [2025]; People v Robinson, 213 AD3d 1002, 1002-1003 [3d Dept 2023]). Defendant then executed a comprehensive written waiver, which explicitly set forth various rights that survived review, and assured the court that he had reviewed it with counsel, understood its contents and had no questions about the appeal waiver (see People v Leroux, 234 AD3d 1214, 1214 [3d Dept 2025]; People v Williams, 208 AD3d 1499, 1500 [3d Dept 2022]). We are satisfied that the totality of the circumstances reflects that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019]; People v Leroux, 234 AD3d at 1214; People v Gatchell, 208 AD3d 1549, 1550 [3d Dept 2022]; People v Robinson, 213 AD3d at 1003). Given the valid appeal waiver, defendant's challenge to severity of the agreed-upon sentence is precluded (see People v Prime, 233 AD3d 1182, 1182 [3d Dept 2024]; People v Mittler, 225 AD3d 1003, 1004 [3d Dept 2024]; see also People v Andrews, 244 AD3d 1324, 1324 [3d Dept 2025]).

Aarons, J.P., Reynolds Fitzgerald, Fisher, Powers and Mackey, JJ., concur.

ORDERED that the judgment is affirmed.