People v Purnell (2020 NY Slip Op 05094)





People v Purnell


2020 NY Slip Op 05094


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

110557

[*1]The People of the State of New York, Respondent,
v
Jason Purnell, Appellant.

Calendar Date: September 4, 2020

Before: Garry, P.J., Egan Jr., Devine, Pritzker and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Letitia James, Attorney General, New York City (Paul B. Lyons of counsel), for respondent.



Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered June 21, 2018, convicting defendant upon his plea of guilty of the crime of operating as a major trafficker.
Following a lengthy investigation, defendant was charged in an indictment with 15 counts of various drug-related and weapons crimes.[FN1] Defendant ultimately accepted a negotiated plea offer pursuant to which he pleaded guilty to one count of operating as a major trafficker in satisfaction of all charges and waived his right to appeal. In exchange, County Court imposed a prison sentence of 15 years to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Initially, we reject defendant's contention that his waiver of the right to appeal was not knowing, intelligent and voluntary. At the outset of the plea proceeding, defendant was advised that a waiver of the right to appeal was a condition of the plea agreement, and he both acknowledged his understanding that he was required to waive his right to appeal as part of the agreement and his willingness to do so. County Court then explained to defendant that his waiver of appellate rights was separate and distinct from the trial-related rights automatically forfeited by his guilty plea, specified the types of issues that were not waived and ascertained that defendant had sufficient time to confer with counsel and had no questions (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Snare, 174 AD3d 1222, 1222-1223 [2019], lv denied 34 NY3d 984 [2019]). Defendant, in consultation with counsel, then read the thorough written appeal waiver and signed it after confirming that he understood the rights being waived and was acting voluntarily (see People v Sabin, 179 AD3d 1401, 1402 [2020], lv denied 35 NY3d 995 [2020]). Accordingly, we find that defendant's combined oral and written waiver of appeal was knowing, intelligent and voluntary (see People v Lopez, 6 NY3d at 256; People v Bowden, 177 AD3d 1037, 1038 [2019], lv denied 34 NY3d 1157 [2020]; see also People v Thomas, 34 NY3d 545, 558-563 [2019]). Given defendant's valid waiver of appeal, he is foreclosed from now challenging the agreed-upon, lawful sentence as harsh and excessive (see People v Lopez, 6 NY3d at 256; People v Thacker, 173 AD3d 1360, 1361 [2019], lv denied 34 NY3d 938 [2019]; see also Penal Law § 70.71 [5]; People v Pacherille, 25 NY3d 1021, 1023 [2015]).
Garry, P.J., Egan Jr., Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The indictment contained a total of 86 counts against 57 codefendants.