People v Waldron (2022 NY Slip Op 05237)

People v Waldron

2022 NY Slip Op 05237

Decided on September 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 22, 2022

112196 113110
[*1]The People of the State of New York, Respondent,
v
Shawn Waldron, Appellant.

Calendar Date:September 2, 2022

Before:Lynch, J.P., Pritzker, Aarons, Ceresia and Fisher, JJ.

Mark Schneider, Plattsburgh, for appellant.
Jonathan J. Miller, Acting District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.

Appeals (1) from a judgment of the County Court of Franklin County (Robert G. Main Jr., J.), rendered September 9, 2019, convicting defendant upon his plea of guilty of the crime of burglary in the second degree, and (2) from a judgment of said court, rendered March 8, 2021, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
In full satisfaction of a nine-count indictment, defendant pleaded guilty in July 2019 to burglary in the second degree with the understanding that, assuming he complied with the terms of his release pending sentencing, he would be sentenced as a second felony offender to a prison term of seven years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. While on release, defendant was charged with a new crime, prompting County Court to conclude that it no longer was bound by its sentencing commitment and to sentence defendant to a prison term of 10 years followed by five years of postrelease supervision.
Shortly after defendant was sentenced in September 2019, he was indicted and charged with burglary in the second degree and criminal mischief in the fourth degree — charges that stemmed from his conduct while he was awaiting sentencing on the earlier indictment. In full satisfaction of the latter indictment, defendant pleaded guilty in November 2020 to burglary in the second degree with the understanding that he would be sentenced as a second violent felony offender to a prison term of 13 years followed by five years of postrelease supervision — said sentence to run concurrently with the term of imprisonment previously imposed. The plea agreement again required defendant to waive his right to appeal. County Court imposed the contemplated term of imprisonment, and these appeals ensued.
We affirm. Contrary to defendant's assertion, we find that the appeal waivers entered in connection with his 2019 and 2020 guilty pleas were knowing, intelligent and voluntary. On both occasions, County Court explained that a waiver of the right to appeal was a term and condition of the plea agreement, which defendant indicated that he understood, and the court made clear that such waiver was separate and distinct from the trial-related rights that defendant would be forfeiting by pleading guilty. With respect to the 2020 plea colloquy, County Court explained in detail the appellate rights that were encompassed by the appeal waiver and specifically delineated those rights that nonetheless survived. As to the 2019 plea colloquy, "although County Court was imprecise in limiting the rights to appeal retained by defendant . . . , we are satisfied that defendant understood that some appellate review survived the waiver" (People v Nixon, 206 AD3d 1381, 1382 [3d Dept 2022]; see People v Williams, 189 AD3d 1978, 1980 [3d Dept 2020], lv denied 37 NY3d 1165 [2022]). Under these circumstances, and considering defendant's experience with the [*2]criminal justice system, we find that defendant's respective waivers of the right to appeal were valid (see People v Nixon, 206 AD3d at 1382; People v Williams, 189 AD3d at 1980).
In light of the valid appeal waivers, defendant's challenge to the concurrent terms of imprisonment imposed is precluded (see People v Marshall, 206 AD3d 1377, 1378 [3d Dept 2022]). Defendant's remaining assertion — that County Court's explanation of the Parker warnings executed in connection with his 2019 plea was insufficient — "is not preserved for our review given his failure to raise any objection thereto before [the] court" (People v Kiefer, 195 AD3d 1315, 1317 [3d Dept 2021]).
Lynch, J.P., Pritzker, Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the judgments are affirmed.