People v Coombs (2022 NY Slip Op 05235)

People v Coombs

2022 NY Slip Op 05235

Decided on September 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 22, 2022

111210
[*1]The People of the State of New York, Respondent,
v
April R. Coombs, Appellant.

Calendar Date:September 2, 2022

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Dillon Bullard of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (Jerome J. Richards, J.), rendered June 4, 2018, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the third degree (two counts).
In full satisfaction of a five-count indictment charging various drug-related offenses, defendant pleaded guilty to one count of criminal possession of a controlled substance in the third degree. Additionally, defendant pleaded guilty to a superior court information charging her with the same crime (stemming from conduct occurring on a different date than that charged in the indictment). The plea agreement, which was in full satisfaction of the respective accusatory instruments and other pending charges, contemplated that defendant would be sentenced as a second felony offender to a prison term of eight years followed by three years of postrelease supervision on each conviction — said terms to be served concurrently. In connection therewith, defendant also was required to waive her right to appeal. Defendant pleaded guilty in conformity with the plea agreement, County Court imposed the agreed-upon terms of imprisonment, and this appeal ensued.
We affirm. Defendant's challenge to the validity of her waiver of the right to appeal is unpersuasive. County Court explained that the waiver of appeal was separate and distinct from the trial-related rights that defendant would be forfeiting by pleading guilty and recited specific rights that would survive the waiver, and defendant, in turn, confirmed her understanding (see People v Wiggins, 207 AD3d 947, 948 [3d Dept 2022]; People v Burnham, 206 AD3d 1368, 1368-1369 [3d Dept 2022]). Additionally, defendant signed identical written waivers of the right to appeal in open court and indicated that she had read the waivers, understood their contents, had been afforded sufficient time to confer with counsel and had no questions regarding the appellate right being relinquished (see People v LaPage, 207 AD3d 950, 951 [3d Dept 2022]; People v Dennis, 206 AD3d 1369, 1370 [3d Dept 2022]). To the extent that the written waivers contained overbroad language, both the written waivers and County Court's oral colloquy made clear — and we are satisfied that defendant understood — that "some appellate review survived" (People v Sims, 207 AD3d 882, 883 [3d Dept 2022] [internal quotation marks and citation omitted]). Under these circumstances, and as we otherwise discern no infirmities in the combined oral and written waivers, we find that defendant's waiver of the right to appeal was knowing, intelligent and voluntary (see People v Whitton, 201 AD3d 1259, 1259-1260 [3d Dept 2022]). In light of the valid appeal waiver, defendant's challenge to the perceived severity of the agreed-upon sentence is precluded (see People v Devins, 206 AD3d 1365, 1367 [3d Dept 2022]).
Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment [*2]is affirmed.