People v Cook (2022 NY Slip Op 05236)

People v Cook

2022 NY Slip Op 05236

Decided on September 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 22, 2022

112001
[*1]The People of the State of New York, Respondent,
v
Michael J. Cook, Appellant.

Calendar Date:September 2, 2022

Before:Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ.

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Alexander A. V. Nichols of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (Jerome J. Richards, J.), rendered November 20, 2019, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
Defendant pleaded guilty to burglary in the third degree as charged in a single-count indictment, admitting that he unlawfully entered a building containing a paper mill with the intent to steal and did steal once inside. In exchange, County Court committed to imposing a prison sentence of 3½ to 7 years and foregoing persistent felony offender sentencing. Pursuant to the terms of the plea agreement, defendant was required to waive his right to appeal, and executed a written waiver of appeal. The court thereafter imposed the agreed-upon prison sentence upon defendant, as an acknowledged second felony offender. Defendant appeals.
We affirm. Defendant argues that the waiver of appeal is invalid and challenges the sentence as harsh and excessive. We are not persuaded. A waiver of appeal was expressly made a condition of the plea agreement and, during the plea allocution, County Court made clear that the waiver of appeal was separate and distinct from the trial-related rights automatically forfeited by the guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]) and that some rights survive the appeal waiver (see People v Thomas, 34 NY3d 545, 558-563 [2019]). Defendant then reviewed with defense counsel the written waiver of appeal, which likewise distinguished the appeal waiver and provided examples of issues that survive it. Defendant acknowledged that he understood the waiver, had an opportunity to discuss it with counsel and had no questions, and signed it in open court. Under these circumstances, the combined oral and written waiver of appeal was a knowing, voluntary and intelligent choice (see People v Thomas, 34 NY3d at 559; People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Lopez, 6 NY3d at 256; People v Purnell, 186 AD3d 1834, 1834 [3d Dept 2020], lv denied 36 NY3d 975 [2020]). Given defendant's valid waiver of appeal, he is precluded from challenging the sentence as unduly harsh or severe (see People v Lopez, 6 NY3d at 255-256; People v Ballester-Perez, 195 AD3d 1234, 1235 [3d Dept 2021], lv denied 37 NY3d 970 [2021]). Defendant's remaining claims have been reviewed and found to be lacking in merit.
Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.