People v McGregor (2022 NY Slip Op 06292)

People v McGregor

2022 NY Slip Op 06292

Decided on November 10, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2022

111304
[*1]The People of the State of New York, Respondent,
v
Shawn L. McGregor, Appellant.

Calendar Date:October 20, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and McShan, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of St. Lawrence County (Jerome J. Richards, J.), rendered January 3, 2019, convicting defendant upon his plea of guilty of the crimes of grand larceny in the third degree and burglary in the second degree.
Defendant pleaded guilty to a superior court information charging him with grand larceny in the third degree, stemming from stealing money from the victim's safe, and agreed to waive his right to appeal. In exchange, defendant was given the opportunity to participate in a judicial diversion program. Ultimately, defendant was discharged from the judicial diversion program for violating certain conditions, and his participation therein was terminated.
Thereafter, defendant was charged with, and pleaded guilty to, burglary in the second degree in connection with the same incident of stealing money from the victim's safe and, as a condition of that plea, agreed to waive his right to appeal. In accordance with the terms of the plea agreements, defendant was sentenced, as a second felony offender, to a prison term and a period of postrelease supervision. Defendant appeals.
To the extent that defendant's brief can be read as challenging the validity of his waivers of the right to appeal, such challenge is without merit. Defendant was aware that the appeal waivers were a condition of the plea agreements. County Court, in each instance, explained the separate and distinct nature of the right to appeal and specified those appellate rights that survived such waivers, all of which defendant acknowledged he understood. Defendant also executed comprehensive written appeal waivers in open court after conferring with counsel and confirmed to the court that he had read them, understood their content and had no questions with regard thereto. As such, the record establishes that defendant knowingly, voluntarily and intelligently waived his right to appeal from both convictions (see People v Wiggins, 207 AD3d 947, 948 [3d Dept 2022]; People v LaPage, 207 AD3d 950, 951 [3d Dept 2022]).
Given the validity of the appeal waivers, defendant's contention that his convictions were in violation of the statutory prohibition against double jeopardy is foreclosed (see People v Muniz, 91 NY2d 570, 574-575 [1998]; People v Dale, 142 AD3d 1287, 1290 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]), as is his challenge to the factual sufficiency of the plea allocution with respect to the burglary conviction (see People v Sims, 207 AD3d 882, 883-884 [3d Dept 2022]; People v Washington, 206 AD3d 1278, 1280 [3d Dept 2022]). Even if the appeal waivers were invalid, neither the statutory double jeopardy claim (see People v Dodson, 48 NY2d 36, 38 [1979]) nor the challenge to the factual sufficiency of the burglary plea (see People v Greene, 207 AD3d 804, 805 [3d Dept 2022], lv denied 38 NY3d 1150 [2022]) has been preserved for our review.
Egan Jr., J.P., Lynch, Pritzker and McShan, JJ., concur.
ORDERED that the judgment is affirmed[*2].