People v Ashley (2022 NY Slip Op 06958)

People v Ashley

2022 NY Slip Op 06958

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

112049
[*1]The People of the State of New York, Respondent,
v
Scott J. Ashley, Appellant.

Calendar Date:November 10, 2022

Before:Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (Jerome J. Richards, J.), rendered July 2, 2019, convicting defendant upon his plea of guilty of the crimes of aggravated family offense (four counts) and criminal contempt in the second degree.
In full satisfaction of a 30-count indictment, defendant pleaded guilty to four counts of aggravated family offense and one count of criminal contempt in the second degree and waived the right to appeal, both orally and in writing. After he failed to complete a one-year period of interim probation supervision, County Court ultimately sentenced defendant to consecutive prison terms of 1 to 4 years for his convictions on two counts of aggravated family offense and to equal or lesser concurrent terms of incarceration for the remaining convictions. Defendant appeals.
We affirm. Initially, defendant argues that the waiver of appeal is invalid. The record reflects that a waiver of appeal was expressly made a condition of the plea agreement and that, during the plea allocution, County Court made clear that the waiver of appeal was separate and distinct from the trial-related rights automatically forfeited by the guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]) and that some rights survive the appeal waiver (see People v Thomas, 34 NY3d 545, 558-563 [2019]). Defendant then reviewed with defense counsel the written waiver of appeal, which also distinguished the appeal waiver and provided examples of issues that survive it. Defendant acknowledged that he understood the waiver, had an opportunity to discuss it with counsel and had no questions, and signed it in open court. Under these circumstances, the combined oral and written waiver of appeal was a knowing, voluntary and intelligent choice (see People v Thomas, 34 NY3d at 559; People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Lopez, 6 NY3d at 256; People v Cook, 208 AD3d 1508, 1508 [3d Dept 2022]; People v Purnell, 186 AD3d 1834, 1834 [3d Dept 2020], lv denied 36 NY3d 975 [2020]). Given defendant's valid waiver of appeal, he is precluded from challenging the sentence as unduly harsh or severe (see People v Lopez, 6 NY3d at 255-256; People v Christy, 200 AD3d 1322, 1323 [3d Dept 2021]; People v Diggs, 178 AD3d 1203, 1205 [3d Dept 2019], lv denied 34 NY3d 1158 [2020]).
Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.