People v Perry (2023 NY Slip Op 00463)

People v Perry

2023 NY Slip Op 00463

Decided on February 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 2, 2023

111860
[*1]The People of the State of New York, Respondent,
v
Dalton M. Perry, Appellant.

Calendar Date:January 6, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Rural Law Center of New York, Inc., Castleton (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ
Appeal from a judgment of the County Court of St. Lawrence County (Jerome J. Richards, J.), rendered March 28, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of criminal possession of a controlled substance in the third degree. Although initially afforded an opportunity to plead guilty to the charged crime in exchange for a prison term of four years, defendant sought admission to a judicial diversion program. As a result, defendant pleaded guilty with the understanding that, if he was accepted into and successfully completed the program, he would be sentenced to five years of straight probation; if unsuccessful, defendant could — if adjudicated a second felony offender — face up to 12 years of incarceration followed by a period of postrelease supervision or — if found to be a persistent felony offender — could face life imprisonment. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement and thereafter was accepted into a judicial diversion program. After twice violating the rules of the treatment facility into which he had been placed, defendant waived a hearing, admitted to violating the terms of his placement and was terminated from the judicial diversion program. County Court thereafter sentenced defendant, as a second felony offender, to a prison term of eight years followed by three years of postrelease supervision. This appeal ensued.
We affirm. Preliminarily, to the extent that defendant suggests that, inasmuch as he pleaded guilty to the entire superior court information, requiring him to waive his right to appeal was improper (see People v Nicelli, 74 AD3d 1235, 1236-1237 [2d Dept 2010]), we disagree, as the plea agreement afforded defendant a considerable benefit by virtue of the opportunity to participate in a judicial diversion program and the possibility of being sentenced to straight probation (compare People v Crump, 107 AD3d 1046, 1047 [3d Dept 2013], lv denied 21 NY3d 1014 [2013]).
As to the validity of the waiver itself, the record reflects that County Court explained that the waiver of appeal was separate and distinct from the trial-related rights that defendant would be forfeiting by pleading guilty, and the court expressly delineated the appellate rights that survived the waiver (see People v Cook, 208 AD3d 1508, 1509 [3d Dept 2022]; People v Coombs, 208 AD3d 1507, 1508 [3d Dept 2022]). Additionally, defendant executed a detailed written waiver in open court, which again outlined the appellate rights that he retained, and defendant, in turn, advised County Court that he had read the written waiver, understood its contents and had no questions relative thereto (see People v Grimshaw, 207 AD3d 959, 959 [3d Dept 2022]; People v Wiggins[*2], 207 AD3d 947, 948 [3d Dept 2022]). "To the extent that the written waiver[] contained overbroad language, both the written waiver[] and County Court's oral colloquy made clear — and we are satisfied that defendant understood — that some appellate review survived" (People v Coombs, 208 AD3d at 1508 [internal quotation marks and citations omitted]). Under these circumstances, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Cook, 208 AD3d at 1509; People v Coombs, 208 AD3d at 1508). In light of the valid appeal waiver, defendant's challenge to the perceived severity of his sentence is precluded (see People v Ballester-Perez, 195 AD3d 1234, 1235 [3d Dept 2021], lv denied 37 NY3d 970 [2021]).
Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.