People v Rayder (2023 NY Slip Op 01325)

People v Rayder

2023 NY Slip Op 01325

Decided on March 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 16, 2023

112393
[*1]The People of the State of New York, Respondent,
v
Jason Bear Rayder, Appellant.

Calendar Date:February 10, 2023

Before:Garry. P.J., Lynch, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Rural Law Center of New York, Inc., Castleton (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (John F. Richey, J.), rendered March 9, 2020, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.
In satisfaction of a five-count indictment, defendant pleaded guilty to burglary in the first degree and purportedly waived his right to appeal. Although the plea agreement called for defendant to be sentenced to a prison term of nine years followed by five years of postrelease supervison, County Court, after considering certain arguments at sentencing, imposed a prison term of eight years followed by five years of postrelease supervision. Defendant appeals.
We are unpersuaded by defendant's contention that his waiver of the right to appeal is invalid. The record reflects that County Court advised defendant that the right to appeal is separate and distinct from those rights forfeited by the guilty plea and enumerated certain rights that survived the appeal waiver, which defendant assured the court he understood. Further, defendant executed a detailed written waiver — which specifically indicated that he was waiving any challenge to the severity of the sentence and also identified various appellate rights that he retained. Defendant, in response to the court's inquiries, assured the court that he had read and discussed the written appeal waiver with counsel, understood it, had no questions and was voluntarily waiving his right to appeal. Contrary to defendant's contention, the record reflects that defendant was sufficiently informed of the nature and consequences of his appellate rights and waiver thereof. In view of the foregoing, the record demonstrates that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v McGregor, 210 AD3d 1197, 1197-1198 [3d Dept 2022]; People v Grimshaw, 207 AD3d 959, 959-960 [3d Dept 2022]; People v Quinones, 160 AD3d 1304, 1305 [3d Dept 2018], lv denied 31 NY3d 1152 [2018]). Given the valid appeal waiver, defendant's challenge to the severity of the sentence imposed is foreclosed (see People v Cook, 208 AD3d 1508, 1509 [3d Dept 2022]; People v Grimshaw, 207 AD3d at 960).
Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.