People v Hurd (2023 NY Slip Op 03507)

People v Hurd

2023 NY Slip Op 03507

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

112180
[*1]The People of the State of New York, Respondent,
v
Harry C. Hurd, Appellant.

Calendar Date:May 26, 2023

Before:Garry, P.J., Lynch, Aarons, Pritzker and Fisher, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (Jerome J. Richards, J.), rendered March 18, 2019, convicting defendant upon his plea of guilty of the crime of rape in the first degree.
Defendant was indicted and charged with three counts of rape in the first degree. In full satisfaction of that indictment, defendant agreed to plead guilty to one count of rape in the first degree with the understanding that he would be sentenced to a prison term of seven years followed by 12 years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement and declined a subsequent opportunity to withdraw his guilty plea, and County Court imposed the agreed-upon sentence. This appeal ensued.
Preliminarily, we reject defendant's claim that his waiver of the right to appeal was invalid. County Court advised defendant that the waiver of appeal was separate and distinct from the trial-related rights that defendant would be forfeiting by pleading guilty. The court explained that "there are certain appeal rights you can't give up," which included a list of specific rights outlined by the court (see People v McGregor, 210 AD3d 1197, 1197-1198 [3d Dept 2022], lv denied 39 NY3d 1079 [2023]; People v Sims, 207 AD3d 882, 883 [3d Dept 2022], lv denied 39 NY3d 1080 [2023]). Additionally, defendant reviewed and executed a detailed written waiver and assured County Court that he had read the waiver, understood its contents and had no questions relative thereto (see People v Perry, 213 AD3d 1000, 1002 [3d Dept 2023], lv denied 39 NY3d 1143 [2023]; People v Ashley, 211 AD3d 1174, 1174 [3d Dept 2022]). The written waiver also listed examples of appeal rights that survived the appeal waiver. We are satisfied that the combined oral colloquy and written waiver made clear that some appellate review survived the appeal waiver (see People v Perry, 213 AD3d at 1002; People v Coombs, 208 AD3d 1507, 1508 [3d Dept 2022]). As such, we find that defendant knowingly, intelligently and voluntarily waived his right to appeal. Given the valid appeal waiver, defendant's challenge to the severity of the sentence imposed is precluded (see People v Robinson, 213 AD3d 1002, 1003 [3d Dept 2023]; People v Cook, 208 AD3d 1508, 1509 [3d Dept 2022]).
Garry, P.J., Lynch, Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.