People v Dobbs (2023 NY Slip Op 03513)

People v Dobbs

2023 NY Slip Op 03513

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

112575
[*1]The People of the State of New York, Respondent,
v
Donald Dobbs III, Appellant.

Calendar Date:May 26, 2023

Before:Egan Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (Kelly S. McKeighan, J.), rendered June 29, 2020, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In full satisfaction of a three-count indictment and other uncharged crimes, defendant was offered the opportunity to plead guilty to criminal possession of a controlled substance in the third degree with the understanding that he would be sentenced to a prison term of four years followed by two years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. After requesting that he be assigned new counsel, and following a brief recess, defendant elected to proceed and pleaded guilty in conformity with the plea agreement. County Court declined defendant's subsequent request to withdraw his plea and imposed the agreed-upon sentence. This appeal ensued.
Contrary to defendant's assertion, we find that he validly waived his right to appeal. Defendant was aware that the appeal waiver was a term and condition of his plea agreement, and County Court explained the separate and distinct nature of the waiver, distinguishing it from the trial-related rights that defendant would be forfeiting by pleading guilty (see People v Cook, 208 AD3d 1508, 1509 [3d Dept 2022]; People v Weidenheimer, 181 AD3d 1096, 1096 [3d Dept 2020]). Additionally, defendant executed a detailed written waiver in open court that, in turn, expressly delineated the appellate rights that survived its execution, and defendant, in response to County Court's inquiries, confirmed that he reviewed the written waiver with counsel, understood its contents and had no questions relative thereto (see People v Ashley, 211 AD3d 1174, 1174 [3d Dept 2022]; People v Cook, 208 AD3d at 1509). As the combined oral and written waiver of appeal made clear that some appellate review survived, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Trent, 206 AD3d 1355, 1355-1356 [3d Dept 2022]; People v Carter, 191 AD3d 1168, 1169 [3d Dept 2021]). In light of the valid appeal waiver, defendant's challenge to the severity of his sentence is precluded (see People v Ashley, 211 AD3d at 1174).
Egan Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.