People v Cook (2023 NY Slip Op 04240)

People v Cook

2023 NY Slip Op 04240

Decided on August 10, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 10, 2023

113016
[*1]The People of the State of New York, Respondent,
v
Thomas Cook Jr., Appellant.

Calendar Date:June 23, 2023

Before:Garry, P.J., Egan Jr., Pritzker, Fisher and McShan, JJ.

Angela Kelley, East Greenbush, for appellant.
Elizabeth M. Crawford, District Attorney, Malone (Alyxandra Stanczak of counsel), for respondent.

Appeal from a judgment of the County Court of Franklin County (Robert G. Main Jr., J.), rendered December 16, 2020, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree and menacing a police officer.
In satisfaction of two indictments and various unrelated matters, defendant pleaded guilty to burglary in the third degree and menacing a police officer, and orally waived his right to appeal. Pursuant to the terms of the plea agreement, County Court sentenced defendant, as a second felony offender, to seven years in prison followed by five years of postrelease supervision on his conviction of menacing a police officer, and to a lesser concurrent sentence on his conviction of burglary in the third degree, to run consecutively to a separate sentence for a parole violation. Defendant appeals.
We affirm. Contrary to defendant's contentions, we find that his waiver of the right to appeal is valid. During the plea colloquy, County Court informed defendant that a waiver of the right to appeal was a condition of his plea agreement and further explained its separate and distinct nature from those rights forfeited by pleading guilty. "[A]lthough County Court was imprecise in limiting the rights to appeal retained by defendant after an appeal waiver, we are satisfied that defendant understood that some appellate review survived the waiver" (People v Nixon, 206 AD3d 1381, 1382 [3d Dept 2022]; accord People v Waldron, 208 AD3d 1509, 1510-1511 [3d Dept 2022], lv denied 39 NY3d 1114 [2023]). Defendant indicated repeatedly his understanding of the appeal waiver, and his counsel also confirmed that he had discussed the appeal waiver with defendant and believed that he understood its consequences.
Considering the totality of the circumstances, including defendant's extensive experience with the criminal justice system, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Thomas, 34 NY3d 545, 562 [2019]; People v Waldron, 208 AD3d at 1510-1511; People v Nixon, 206 AD3d at 1382). In view of defendant's valid appeal waiver, his challenge to the severity of his agreed-upon sentence is precluded (see People v LaPage, 207 AD3d 950, 951-952 [3d Dept 2022]; People v Pantoja, 172 AD3d 1826, 1826 [3d Dept 2019], lv denied 34 NY3d 1018 [2019]).
Garry, P.J., Egan Jr., Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.