People v Frederick (2023 NY Slip Op 05167)

People v Frederick

2023 NY Slip Op 05167

Decided on October 12, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 12, 2023

112516
[*1]The People of the State of New York, Respondent,
v
Christopher A. Frederick, Appellant.

Calendar Date:September 5, 2023

Before:Lynch, J.P., Clark, Aarons, Pritzker and Ceresia, JJ.

Sandra M. Colatosti, Albany, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Geoffrey B. Rossi of counsel), for respondent.

Clark, J.
Appeal from a judgment of the County Court of Broome County (Kevin P. Dooley, J.), rendered March 6, 2020, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
In satisfaction of an eight-count indictment, defendant pleaded guilty to the reduced charge of criminal possession of a controlled substance in the fifth degree and waived his right to appeal. Defendant was sentenced, as a second felony offender with a prior violent felony, to the agreed-upon prison term of 2½ years followed by 2 years of postrelease supervision. Defendant appeals.
Although not precluded by his waiver of the right to appeal, defendant's challenge to the voluntariness of the plea and/or sufficiency of the plea colloquy is unpreserved for our review given that defendant did not make an appropriate postallocution motion, despite having an opportunity to do so (see People v Loya, 215 AD3d 1181, 1183 [3d Dept 2023], lv denied 40 NY3d 929 [2023]; People v Hilliard, 214 AD3d 1259, 1260 [3d Dept 2023], lv denied 40 NY3d 929 [2023]). Further, the narrow exception to the preservation requirement was not triggered here, as the record does not reflect that defendant made any statements that negated an element of the charged crime, cast doubt upon his guilt or otherwise called into question the voluntariness of the plea (see People v Loya, 215 AD3d at 1183; People v Rubert, 206 AD3d 1378, 1380 [3d Dept 2022], lv denied 39 NY3d 942 [2022]). To the extent defendant requests that we take corrective action in the interest of justice, we decline to do so (see People v Miller, 215 AD3d 1141, 1142 [3d Dept 2023], lv denied 40 NY3d 930 [2023]).
Lynch, J.P., Aarons, Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.