People v Mittler (2024 NY Slip Op 01355)

People v Mittler

2024 NY Slip Op 01355

Decided on March 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 14, 2024

112812
[*1]The People of the State of New York, Respondent,
v
Bradley Mittler, Appellant.

Calendar Date:February 9, 2024

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ.

Catherine A. Barber, Guilderland, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor R. Fitzsimmons of counsel), for respondent.

Appeal from a judgment of the County Court of Washington County (Kelly S. McKeighan, J.), rendered November 13, 2020, convicting defendant upon his plea of guilty of the crime of kidnapping in the second degree.
Defendant was indicted and charged by a Washington County grand jury with kidnapping in the first degree and two counts each of kidnapping in the second degree, rape in the second degree and conspiracy in the fifth degree. The charges stemmed from an incident wherein defendant cultivated an online relationship with a 14-year-old girl, allegedly had sexual contact with her on two occasions in Warren County and then attempted to flee the state with the victim and her similarly-aged friend. In full satisfaction of that indictment, and with the understanding that no additional charges would be pursued in Warren County, defendant agreed to plead guilty to one count of kidnapping in the second degree with the understanding that he would be sentenced to a prison term of 15 years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Following defendant's guilty plea, County Court imposed the agreed-upon sentence and this appeal ensued.
We affirm. Both the written waiver of the right to appeal — and County Court's corresponding oral colloquy — mirror the waiver utilized and explanation provided in People v Robinson (213 AD3d 1002, 1002-1003 [3d Dept 2023]) and People v Gatchell (208 AD3d 1549, 1550 [3d Dept 2022]). Under these circumstances, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Dobbs, 217 AD3d 1275, 1276 [3d Dept 2023]; People v Williams, 208 AD3d 1499, 1500 [3d Dept 2022]; People v Ruest, 206 AD3d 1174, 1174-1175 [3d Dept 2022]). In light of the valid appeal waiver, defendant's challenge to the severity of the agreed-upon sentence is precluded (see People v Robinson, 213 AD3d at 1003; People v Gatchell, 208 AD3d at 1550).
Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed.