People v Jones (2024 NY Slip Op 03907)

People v Jones

2024 NY Slip Op 03907

Decided on July 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 25, 2024

112534
[*1]The People of the State of New York, Respondent,
v
Angelo Jones, Appellant.

Calendar Date:June 14, 2024

Before:Egan Jr., J.P., Clark, Aarons, Lynch and McShan, JJ.

Craig Meyerson, Peru, for appellant.
Elizabeth M. Crawford, District Attorney, Malone (Alyxandra Stanczak of counsel), for respondent.

Appeal from a judgment of the County Court of Franklin County (Robert G. Main Jr., J.), rendered June 29, 2020, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
Defendant was indicted and charged with attempted assault in the first degree, assault in the second degree and criminal possession of a weapon in the third degree, stemming from an incident wherein defendant stabbed an individual. Defendant pleaded guilty to assault in the second degree in satisfaction of the indictment with the understanding that the prison sentence imposed would be no longer than seven years, and he waived his right to appeal. County Court thereafter sentenced defendant, as a second felony offender, to six years in prison followed by five years of postrelease supervision. Defendant appeals.
We affirm. Initially, we reject defendant's challenge to the waiver of the right to appeal. The record reflects that County Court advised defendant that a waiver of the right to appeal was a condition of the plea agreement and explained that the right to appeal was separate and distinct from the trial-related rights forfeited by a guilty plea, and defendant affirmed his understanding thereof (see People v Dobbs, 217 AD3d 1275, 1276 [3d Dept 2023]; People v Robinson, 213 AD3d 1002, 1002-1003 [3d Dept 2023]). County Court confirmed that defendant had discussed the waiver with counsel and "[a]lthough County Court was imprecise in limiting the rights to appeal retained by defendant after an appeal waiver, we are satisfied that defendant understood that some appellate review survived the waiver" (People v Cook, 219 AD3d 1022, 1022 [3d Dept 2023] [internal quotation marks and citation omitted], lv denied 40 NY3d 1080 [2023]; see People v Waldron, 208 AD3d 1509, 1510-1511 [3d Dept 2022], lv denied 39 NY3d 1114 [2023]). Accordingly, we find that defendant's appeal waiver was knowing, intelligent and voluntary (see People v Cook, 219 AD3d at 1023; People v Nixon, 206 AD3d 1381, 1382 [3d Dept 2022]; People v Williams, 189 AD3d 1978, 1980 [3d Dept 2020], lv denied 37 NY3d 1165 [2022]). Given defendant's valid appeal waiver, his challenge to the severity of his sentence is precluded (see People v Gayle, 221 AD3d 1061, 1062 [3d Dept 2023], lv denied 41 NY3d 1002 [2024]; People v Dobbs, 217 AD3d at 1276).
Egan Jr., J.P., Clark, Aarons, Lynch and McShan, JJ., concur.
ORDERED that the judgment is affirmed.