People v Prime (2024 NY Slip Op 06242)

People v Prime

2024 NY Slip Op 06242

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

112301
[*1]The People of the State of New York, Respondent,
v
Jeffrey S. Prime, Appellant.

Calendar Date:November 12, 2024

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ.

Rosenberg Law Firm, Brooklyn (Jonathan Rosenberg of counsel), for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Washington County (Kelly S. McKeighan, J.), rendered December 20, 2019, convicting defendant upon his plea of guilty of the crimes of attempted criminal sexual act in the first degree and possessing a sexual performance by a child.
In full satisfaction of a 13-count indictment and another unindicted felony, defendant agreed to plead guilty to attempted criminal sexual act in the first degree and possessing a sexual performance by a child with the understanding that he would be sentenced to a prison term of 12 years, to be followed by 11 years of postrelease supervision, upon his conviction of the former and a lesser, concurrent term of imprisonment upon the latter. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, County Court imposed the agreed-upon sentence and this appeal ensued.
We affirm. Defendant's challenge to the validity of his waiver of the right to appeal is unpersuasive. The written waiver is identical to — and County Court's oral waiver colloquy mirrors — the waiver utilized and explanation provided in People v Mittler (225 AD3d 1003, 1004 [3d Dept 2024]), People v Robinson (213 AD3d 1002, 1002-1003 [3d Dept 2023]), People v Gatchell (208 AD3d 1549, 1550 [3d Dept 2022]) and People v Ruest (206 AD3d 1174, 1174-1175 [3d Dept 2022]), and we are therefore satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Williams, 208 AD3d 1499, 1500 [3d Dept 2022]; People v Thaxton, 191 AD3d 1166, 1167 [3d Dept 2021], lv denied 37 NY3d 960 [2021]). Given the valid appeal waiver, defendant's claim that the agreed-upon sentence is unduly harsh or severe is precluded (see People v Joseph, 227 AD3d 1233, 1234 [3d Dept 2024]; People v Cook, 219 AD3d 1022, 1023 [3d Dept 2023], lv denied 40 NY3d 1080 [2023]).
The remaining argument raised by defendant — addressed to the voluntariness and factual sufficiency of his plea — is unpreserved for our review, as defendant failed to make an appropriate postallocution motion, despite having an opportunity to do so prior to sentencing (see People v Frederick, 220 AD3d 1017, 1018 [3d Dept 2023]; People v Dunbar, 218 AD3d 931, 932 [3d Dept 2023], lv denied 40 NY3d 950 [2023]). Contrary to defendant's assertion, the narrow exception to the preservation requirement was not triggered, as he did not make any statements during the plea colloquy or at the time of sentencing that negated an element of the charged crimes, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v DeJesus, 210 AD3d 1195, 1196 [3d Dept 2022], lv denied 39 NY3d 985 [2022]; People v Nack, 200 AD3d 1197, 1198 [3d Dept 2021], lv denied 38 NY3d 1009 [2022]). To the extent that defendant invites us to take corrective action in the interest of justice, we decline to do so, as County Court's statement regarding the potential [*2]consequences of defendant being less than truthful with the court "does not amount to coercion but, rather, represents the type of situational coercion faced by many defendants who are offered a plea deal, which did not render [defendant's] plea involuntary" (People v Bryant, 207 AD3d 886, 889 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see e.g. People v Nunnally, 224 AD3d 992, 993 [3d Dept 2024], lv denied 41 NY3d 1004 [2024]). Accordingly, the judgment of conviction is affirmed.
Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.