People v Leroux (2025 NY Slip Op 00501)

People v Leroux

2025 NY Slip Op 00501

Decided on January 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 30, 2025

CR-23-1049
[*1]The People of the State of New York, Respondent,
v
Cassidy Leroux, Appellant.

Calendar Date:January 7, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

Donnial K. Hinds, Albany, for appellant, and appellant pro se.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

McShan, J.
Appeals (1) from a judgment of the County Court of Washington County (Kelly McKeighan, J), rendered October 20, 2022, upon her plea of guilty of the crime of burglary in the first degree and, (2) from an order of said court, rendered January 6, 2023, which resentenced defendant.
In satisfaction of an eight-count indictment, defendant pleaded guilty to burglary in the first degree and agreed to waive her right to appeal. County Court sentenced defendant, in accordance with the terms of the plea agreement, to a prison term of seven years, to be followed by two years of postrelease supervision. Subsequently, the Department of Corrections and Community Supervision advised County Court that the postrelease period of defendant's sentence was impermissible. Thereafter, County Court, after affording defendant an opportunity to withdraw her plea, amended the sentence to the extent of resentencing defendant to a postrelease supervision period of 2½ years. Defendant appeals.
Contrary to her contention, defendant validly waived her right to appeal. County Court advised defendant of the separate and distinct nature of the right to appeal and informed her that some rights survived the waiver of her right to appeal, which defendant acknowledged she understood (see People v Dobbs, 217 AD3d 1275, 1276 [3d Dept 2023]; People v Robinson, 213 AD3d 1002, 1002-1003 [3d Dept 2023]). Defendant also executed a comprehensive written appeal waiver in open court, assuring the court that she had reviewed it with counsel, understood it and had no questions (see People v Thaxton, 191 AD3d 1166, 1167 [3d Dept 2021], lv denied 37 NY3d 960 [2021]). Upon our review of the record, we are satisfied that defendant knowingly, voluntarily and intelligently waived her right to appeal (see People v Dobbs, 217 AD3d at 1276; People v Williams, 208 AD3d 1499, 1500 [3d Dept 2022]). Given the valid appeal waiver, defendant's challenge to the perceived severity of the agreed-upon sentence is foreclosed (see People v Mittler, 225 AD3d 1003, 1004 [3d Dept 2024]; People v Robinson, 213 AD3d at 1003).
Although defendant's challenge to the voluntariness of her plea and claim of ineffective assistance of counsel — to the extent that it impacts the voluntariness of her plea — are not precluded by the valid appeal waiver, they are nevertheless unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion, despite an opportunity to do so, and the narrow exception to the preservation requirement was not triggered here (see People v Graham, 230 AD3d 1476, 1477 [3d Dept 2024]; People v Arthur, 228 AD3d 1133, 1133 [3d Dept 2024], lv denied 42 NY3d 969 [2024]). To the extent that defendant's ineffective assistance of counsel claim is premised upon counsel's alleged failures to make adequate efforts to review the indictment and pleadings for possible defects or investigate potential defenses, such claims implicate matters outside the record that are more [*2]appropriately addressed in the context of a CPL article 440 motion (see People v Graham, 230 AD3d at 1477; People v Wimberly, 228 AD3d 1177, 1178 [3d Dept 2024], lv denied 42 NY3d 1022 [2024]).
Clark, J.P., Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the judgment and the order are affirmed.