People v Martinez

2026 NY Slip Op 02481

April 23, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Jose Martinez, Appellant.

Decided and Entered:April 23, 2026

113415

Calendar Date: March 20, 2026

Before: Clark, J.P., Aarons, Pritzker, Mcshan And Mackey, JJ.

Peter F. Stroe, Albany, for appellant.

Lee C. Kindlon, District Attorney, Albany (Emily Schultz of counsel), for respondent.

[*1]

Appeal from a judgment of the County Court of Albany County (Andra Ackerman, J.), rendered March 24, 2022, convicting defendant upon his plea of guilty of the crime of robbery in the third degree.

In satisfaction of numerous pending charges, defendant waived indictment and pleaded guilty to a superior court information charging him with robbery in the third degree and agreed to waive his right to appeal. Pursuant to the terms of the plea agreement, defendant was placed on interim probation for one year, with the understanding that, upon successful completion thereof, he would be sentenced to a period of probation. Defendant was advised that, if he did not successfully complete the period of interim probation, a maximum prison term of 2⅓ to 7 years could be imposed. Defendant was subsequently arrested several times. As a result of his unsuccessful compliance with the terms of his interim probation, County Court sentenced defendant to 2⅓ to 7 years in prison. Defendant appeals.

Notwithstanding defendant's challenges to the alleged insufficiencies regarding the overbreadth and execution of the written appeal waiver, we find that the oral colloquy was sufficient to ensure that defendant understood the nature and consequences of his appeal waiver. To that end, County Court advised defendant that the appeal waiver was separate and distinct from the rights automatically forfeited by his guilty plea and made clear that certain appellate issues survived appellate review. Defendant, who acknowledged having discussed the appeal waiver with counsel, assured the court that he understood the nature and consequences of waiving his right to appeal. Upon our review of the record, we are satisfied that the totality of the circumstances reflects that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Rowe, 239 AD3d 1202, 1202 [3d Dept 2025], lv denied 44 NY3d 984 [2025]; People v Williams, 235 AD3d 1066, 1067 [3d Dept 2025]). Given the valid appeal waiver, and that defendant was informed of the maximum sentencing exposure in the event that his performance on interim probation was unsuccessful, his challenge to the severity of the sentence imposed is foreclosed (see People v Peters, 238 AD3d 1391, 1392 [3d Dept 2025]; People v Ashley, 211 AD3d 1174, 1174-1175 [3d Dept 2022]).

Clark, J.P., Aarons, Pritzker, McShan and Mackey, JJ., concur.

ORDERED that the judgment is affirmed.